UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VIDA PRESS and XAVIER AMADOR,

        Plaintiffs,

   -against-

DOTCOM LIQUIDATORS, LTD.,

        Defendants.
-------------------------------------------------------------------X

FILED
CLERK
November 22, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

2:22-CV-2044 (HG) (JMW)

**Todd Wengrovsky, Esq.**
Law Offices of Todd Wengrovsky, PLLC
285 Southfield Road, Box 585
Calverton, NY 11933
*For Plaintiffs*

**Danielle M. DeFilippis, Esq.**
Norris McLaughlin, P.A.
7 Times Square, 21st Floor
New York, NY 10036
*For Defendant*

**WICKS,** Magistrate Judge:

    Before the Court is the joint application for a stay of discovery pending a decision on its anticipated motion to dismiss the Complaint for lack of personal jurisdiction (DE 14). Even though both parties seek a stay, the Court undertakes a review to determine whether a stay is warranted. And that is because a request to stay litigation is the antithesis of Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the motion (DE 14) is GRANTED.

### I. BACKGROUND

Plaintiffs commenced this copyright infringement action against Defendant arising out of Defendant's sale of a spiral-bound book entitled *I Am Not Sick I Don't Need Help,* authored by Plaintiff Amador and published by Plaintiff Vida Press (DE 1).  Defendant filed a pre-motion conference request in anticipation of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  (DE 11.)   The anticipated motion is premised upon lack of personal jurisdiction over Defendant (*id.*).  Specifically, Defendant asserts lack of sufficient New York contacts to confer jurisdiction over it in this Court.  That is, Defendant is a Texas corporation with no New York place of business and has not made any sales in New York of the publication at issue (*id.*) Furthermore, Defendant urges that only 4.4% of Defendant's total sales were made to New York buyers (*id.*).

In opposition to Defendant's pre-motion letter, Plaintiffs contend that "Defendant's systematic and continuous business in New York is more than sufficient" to confer personal jurisdiction (DE 12, at 2).

### II. DISCUSSION[1]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254

---

[1] The Court's consideration and analysis of the arguments set forth in the motion to dismiss is purely for purposes of weighing whether a stay should be granted. This analysis should not be construed as the Court prejudging or predicting the outcome of motion to dismiss in any way.

(1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Here, as for the first factor, the Court finds "good cause" in light of the arguments raised on the anticipated motion to dismiss. The arguments Defendants set forth appear, at least on their face, to make a strong showing that personal jurisdiction may be lacking. (*See* DE 11.) Additionally, the second factor favors a stay as the breadth of discovery and corresponding

burden of responding would prejudice Defendant if its motion to dismiss is indeed granted. Last, there is little or no prejudice identified if a stay is granted. The Court notes that this case is in the earliest stages – the Initial Conference has yet to be held and no discovery schedule has been ordered yet, and indeed the parties indicated they they are already engaged in ongoing settlement discussions (*see* DE 14-1, at 3). Accordingly, weighing all of the rthe relevant factors, the Court finds that a stay of discovery is warranted under the circumstances.

### III. CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of discovery pending the outcome of the motion to dismiss. Therefore, the motion to stay (DE 14) is hereby GRANTED and discovery in this action is stayed pending resolution of Defendant's motion to dismiss. The Initial Conference scheduled for November 30, 2022, is accordingly adjourned *sine die*, and the parties are directed to submit a proposed Rule 26 scheduling order within 10 days of the decision on the motion to dismiss in the event any claims survive.

The undersigned is also available to conduct a settlement conference if the parties so desire and should contact chambers directly if that is the chosen path.

Dated: Central Islip, New York
      November 22, 2022

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge